IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KELIA MCCLEARY-BROADNAX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:25-cv-348-TFM-MU |
| | ) | |
| SELENE FINANCE, LP, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On September 25, 2025, Plaintiff Kelia McCleary-Broadnax filed an application for entry of default judgment against Defendant U.S. Bank N.A., as Trustee for SASCO Mortgage Loan Trust 2007-RNP1 ("U.S. Bank"), asserting that U.S. Bank had failed to plead or otherwise defend this action. Doc. 11. On October 15, 2025, the Clerk declined to enter default because U.S. Bank had filed a motion to dismiss on September 27, 2025. *See* Doc. 20.[1] Concurrent with its motion to dismiss, U.S. Bank requested leave to file its motion to dismiss out of time, and this request was granted on September 29, 2026. *See* Docs. 14, 15. Accordingly, U.S. Bank's motion to dismiss was deemed timely filed. Moreover, determining cases on their merits is preferred over default judgments. *See, e.g., Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citations omitted) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits."); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("we have a strong preference for deciding cases on the merits—not based on a single missed

---

[1] The clerk's notice correctly noted that U.S. Bank filed a motion to dismiss on September 27, 2025, but it incorrectly referenced Doc. 7, which is the motion to dismiss filed by DLJ Mortgage Capital, Inc. and Selene Finance, LP on September 16, 2025, rather than Doc. 12, which is the relevant motion to dismiss filed by U.S. Bank.

deadline—whenever reasonably possible."); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[W]e must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.").

Therefore, Plaintiff's Motion for Default Judgment (Doc. 18) is **DENIED**.  This case is **REFERRED BACK** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this the 17th day of April, 2026.

> s/ Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE